# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SWEETWOOD FARM, INC., | ) | 1:08cv0202 LJO DLB |
| | ) | |
| | ) | ORDER TAKING PLAINTIFF'S MOTION |
| Plaintiff, | ) | FOR DEFAULT JUDGMENT OFF |
| | ) | CALENDAR |
| v. | ) | |
| | ) | (Document 18) |
| RAFAT ABDALLAH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Sweetwood Farm, Inc. ("Plaintiff") filed this action on February 6, 2008. Plaintiff filed a motion for default judgment on May 7, 2008. The motion is currently set for hearing on June 6, 2008. However, because it is not clear that service was proper for the reasons discussed below, the motion is TAKEN OFF CALENDAR.

To determine whether service was proper, courts look to the requirements of Federal Rule of Civil Procedure 4. Under Rule 4(e), service may be effected pursuant to either federal law, or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." For service to be valid under federal law, the process server must do any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

1

   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e)(2).

   Given the proof of service submitted to the Court on March 18, 2008, service was not effected under federal law.  The address of service is not listed and although the server indicates that copies were left at Defendant's "dwelling house or usual abode," the copies were left with "Johnny," the "Maintenance Supervisor."  No further details are provided about "Johnny," such as his last name and age.

   Turning to service under California law, this result does not change.  California law provides for service of summons upon an individual person "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."  Cal.Civ.Proc.Code § 416.90.  If, after reasonable diligence, the summons and complaint cannot be personally delivered in accordance with section 416.90, several methods of substitute service are permitted.  Cal.Civ.Proc.Code § 415.20(b).

   However, as stated in the statute, substitute service is only permitted after reasonably diligent efforts at personal service have been made.  Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (1995) ( "As noted in the Legislative comment to the section, 'Personal delivery must be attempted in all cases where this alternative method of service is used.'").  There is no indication here that the process server made *any* attempts to personally serve Defendant prior to turning to substitute service.

   Accordingly, the Court is unable to determine whether service of the complaint was proper and the motion for default judgment must be TAKEN OFF CALENDAR.  Plaintiff will be given an opportunity to correct these deficiencies, however.  Within thirty (30) days, Plaintiff must either file a Declaration setting forth the necessary information OR re-serve the complaint, in accordance with the above.

   IT IS SO ORDERED.

  **Dated:   June 4, 2008**      _____**/s/ Dennis L. Beck**_____
                 UNITED STATES MAGISTRATE JUDGE