1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT FOR THE

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   SWEETWOOD FARM, INC.,                )      1:08cv0202 LJO DLB
                                          )
11                                        )      FINDINGS AND RECOMMENDATION
                                          )      REGARDING PLAINTIFF'S APPLICATION
                Plaintiff,                )      FOR DEFAULT JUDGMENT
12          vs.                           )
                                          )      (Document 27)
13   RAFAT ABDALLAH,                      )
                                          )
14                                        )
                Defendant.                )
15   _____)

16        On December 1, 2008, Plaintiff Sweetwood Farm, Inc. ("Plaintiff") filed the present motion

17   for default judgment against Rafat Abdallah ("Defendant").  The motion was referred to this Court

18   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  The matter was heard on December

19   19, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Manuel

20   Bettencourt appeared on behalf of Plaintiff.  Defendant did not appear.

21                    **FACTUAL AND PROCEDURAL BACKGROUND**

22        Plaintiff filed the instant action under the Perishable Agricultural Commodities Act

23   ("PACA"), 7 U.S.C. § 499a et seq., on February 2, 2008.  According to the Complaint, Plaintiff is

24   engaged in the business of packing and selling a perishable agricultural commodity.  Defendant buys

25   and sells perishable agricultural commodities and entered into an agreement to purchase same from

26   Plaintiff.  After Defendant failed to perform, Plaintiff instituted a reparation proceeding pursuant to

27   PACA with the United States Department of Agriculture ("USDA").  The USDA issued a Default

28                                            1

1 Order dated November 15, 2007, which found Defendant's breach of the agreement to be a violation

2 of Section 2 of PACA.  A reparation order was issued in the amount of $18,783.35, with interest at

3 the rate of 4.96 percent per annum from December 1, 2006, plus the amount of $300.  The sum was

4 payable within 30 days.  To date, Defendant has paid Plaintiff only $3,000.00 of the award.

5       According to the Complaint, Defendant owes Plaintiff a total of $17,081.20 as of February 1,

6 2008, taking into interest and Defendant's $3,000 payment into account.  Plaintiff requests judgment

7 in the amount of $17,081.20, plus interest accruing at the rate of $2.20 per day from February 1,

8 2008, post-judgment interest, and attorneys' fees and costs.

9       Plaintiff filed its first motion for default judgment on May 7, 2008.  The motion was taken

10 off calendar, however, due to questions regarding service.

11       On September 24, 2008, the Court granted Plaintiff's request for service by publication.

12 Plaintiff filed a proof of service on November 19, 2008, indicating that the notice was published in

13 the Los Angeles Bulletin on September 29, October 6, 13, and 20, 2008.

14       Pursuant to Plaintiff's request, the Clerk entered default on November 20, 2008.

15       Plaintiff filed the instant motion for default judgment on December 1, 2008.

16       Defendant has not filed an opposition or otherwise contacted the Court.

17 **LEGAL STANDARD**

18 Federal Rule of Civil Procedure 55(b)(2) provides:

19     (2)    By the Court.  In all other cases the party entitled to a judgment by default
shall apply to the court therefor; but no judgment by default shall be entered against
20 an infant or incompetent person unless represented in the action by a general
guardian, committee, conservator, or other such representative who has appeared
21 therein. If the party against whom judgment by default is sought has appeared in the
action, the party (or, if appearing by representative, the party's representative) shall be
22 served with written notice of the application for judgment at least 3 days prior to the
hearing on such application. If, in order to enable the court to enter judgment or to
23 carry it into effect, it is necessary to take an account or to determine the amount of
damages or to establish the truth of any averment by evidence or to make an
24 investigation of any other matter, the court may conduct such hearings or order such
references as it deems necessary and proper and shall accord a right of trial by jury to
25 the parties when and as required by any statute of the United States.

26       "Upon default, the well pleaded allegations of the complaint relating to liability are taken as

27 true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir.

28

1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## DISCUSSION

Pursuant to the Proof of Service filed with the Court on November 19, 2008, Defendant was served by publication on September 29, October 6, 13, and 20, 2008.

Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Declaration of Timothy V. Logoluso ("Logoluso Dec."), ¶¶ 4-5.

The clerk entered default on November 20, 2008.

Having accepted the well pleaded allegations of the complaint as true, Plaintiff is entitled to judgment based on Defendant's violation of Section 2 of PACA.  Pursuant to the USDA's Reparation Order, Defendant owed $18,783.35, with interest at the rate of 4.96 percent per annum from December 1, 2006, plus the amount of $300.  The sum was payable within 30 days.  To date, Defendant has paid Plaintiff only $3,000.00 of the award.

Accordingly, the Court finds that Plaintiff is entitled to JUDGMENT in the amount of $17,769.80.  Logoluso Dec., at ¶ 7.  Plaintiff's request for attorneys' fees and costs pursuant to 7 U.S.C. § 499g(b) is also GRANTED.[1]

## RECOMMENDATION

Based on the above, the Court RECOMMENDS the motion for default judgment be GRANTED and that judgment be entered in this action against Defendant in the amount of $17,769.80.  The Court further RECOMMENDS that Plaintiff be awarded reasonable attorneys's fees and costs pursuant to 7 U.S.C. § 499g(b).

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule

---

[1] Plaintiff may submit a declaration setting forth additional interest during the objection period.

1  305 of the Local Rules of Practice for the United States District Court, Eastern District of California.

2  Within thirty days (plus three days if served by mail) after being served with a copy, any party may

3  serve on opposing counsel and file with the court written objections to such proposed findings and

4  recommendations.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5  and Recommendations."  Replies to the objections shall be served and filed within ten (10) days

6  (plus three days if served by mail) after service of the objections.  The Court will then review the

7  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

8

9    IT IS SO ORDERED.

10   **Dated:    December 30, 2008**            **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4